IN THE CIRCUIT COURT OF LOGAN COUNTY ARKANSAS
SOUTHERN DISTRICT

DONALD K. WHITAKER Individually, and
On Behalf of All Others Similarly Situated                          PLAINTIFFS

VS.         CASE NO. 42-BCV-16-82 Div. 2

SHELTER MUTUAL INSURANCE COMPANY                          DEFENDANT

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, Donald K. Whitaker, who bring this class action on behalf of himself and all others similarly situated, by and through the undersigned counsel, and for his First Amended Complaint against Shelter Mutual Insurance Company ("Defendant" or "Shelter") states and alleges as follows:

### INTRODUCTION

1. This is a class action whereby Plaintiff seeks for himself and all other similarly situated insured customers or former customers of Defendant, a declaratory judgment that Defendant violated Arkansas law when, as a common policy and general business practice, it reduces its automobile medical benefit payments owed to its insured based on contractual adjustments taken by medical providers per their contracts with the health insurance carriers and payments by health insurance carriers. This is in violation of Arkansas Law which provides that Defendant is the primary payer under the coordination of benefit rules of the Arkansas Insurance Commission.

2. Plaintiff further seeks for himself and all others similarly situated an Order



requiring Defendant to pay monetary restitution, plus pre-judgment and post-judgment interest for all of the monies they failed to pay their insured's

3. Finally, Plaintiff seeks for himself and all others similarly situated an injunction preventing Defendant from continuing to violate Arkansas law by reducing med pay payments owed to its insured based on contractual adjustments taken by medical providers per their contracts with the health insurance carriers.

## JURISDICTION AND VENUE

4. Plaintiff and all proposed class members are citizens of the State of Arkansas. Defendant is a corporation authorized to do business in the State of Arkansas.

5. The Court has personal jurisdiction over Defendant under Ark. Code. Ann. § 16-4-101. Defendant conducts business in Arkansas and avails itself of Arkansas markets.

6. The compensatory damages being sought by Plaintiff and Class members do not exceed $75,000 individually. The aggregate compensatory damages claimed by Plaintiff and the Class, exclusive of interest and costs, are below the $5 million federal jurisdictional threshold of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

7. Accordingly, this Court has jurisdiction over the parties and the subject matter of this action.

8. Venue is proper pursuant to Ark. Code Ann. § 16-60-108.

## PARTIES

9. Plaintiff, Donald Whitaker, resides in Logan County and is a citizen of the state of Arkansas. Plaintiff contracted with the Defendant for automobile insurance. Plaintiff was a passenger in a vehicle involved in a motor vehicle accident on August 9, 2016 in Subiaco, Logan County, Arkansas and as a result of the accident he sustained injuries requiring approximately

$10,000.00 in medical treatment. The plaintiff, through his legal representative, sent Shelter copies of the medical records and medical bills for the treatment Plaintiff required for the injuries he suffered in the motor vehicle accident and demanded that Shelter pay to Plaintiff its $5,000 medical payment coverage limit. Shelter responded to this demand by paying only $1,057.45 of the $5,000 it was legally required to pay.

10. Defendant, Shelter, is a mutual insurance company who proclaims to be the largest insurer in the United States.

## COMMON FACTUAL BACKGROUND

11. According to Defendant's marketing material, Shelter Insurance Company is a mutual insurance company operating in fourteen states with headquarters in Columbia, Missouri.

12. Plaintiff, like all proposed class members, currently has, had, or was covered under, a contract of automobile insurance with Defendant that includes medical payment or PIP coverage.

13. The contract of insurance between Plaintiff, as well as each proposed class member, and Defendant states that in the event of an injury, Shelter is required to pay all reasonable and necessary expenses for medical, hospital, nursing, dental, surgical, and ambulance incurred within 24 months of a motor vehicle accident in which its insured was injured.

14. Defendant refuses to pay the full amount of their insured's medical bills taking discounts for "reasonable charges" as being "the lesser of the amount for which we can discharge the insured's entire obligation to the person providing the goods and services,..."

15. Defendant, throughout the Class Period, as a common policy and general business practice refused to issue full payment of its no-fault medical payment or PIP benefits to the plaintiff as well as each proposed class member in violation of Arkansas law.

## COMMON CONTROLLING LAW

16. Defendant's internal policies dictate that all policyholders or insured customers be treated consistent with the requirements of the laws and regulations of the appropriate state. Arkansas law controls how insured's who reside in Arkansas must be treated by the Defendant.

17. It is well settled under Arkansas law that the defendant must offer automobile medical payment/PIP coverage to all insured in the state of Arkansas.

> A.C.A. § 23-89-202    Required first party coverage
>
> Every automobile liability insurance policy covering any private passenger motor vehicle issued or delivered in this state shall provide minimum medical and hospital benefits,..., to the named insured and members of his or her family, ..., injured while occupying the insured motor vehicle,..., without regard to fault, as follows:
>
> (1) All reasonable and necessary expenses for medical, hospital, nursing, dental, surgical, ambulance, ..., incurred within twenty-four (24) months after the automobile accident, up to an aggregate of five thousand dollars ($5,000) per person, ...

The legislative intent behind the enactment of this no-fault motor vehicle legislation was to make an insured whole on relatively minor automobile injury damage claims without regard to fault or liability and without his being required to engage in expensive and extended litigation. *Aetna Ins. Co. v. Smith*, 263 Ark 849, 568 S.W.2d 11 (1978).

18. In addition, the Arkansas Insurance Commission has promulgated rules regulating the issuance of these medical payments, *Arkansas Insurance Commission (AIC) Rule 21*, was enacted by the Arkansas Insurance Commission with the authority of the Arkansas Legislature. The pertinent parts of *AIC Rule 21* that apply to this case are set out below:

## AIC Rule 21   COORDINATION OF BENEFITS-ACCIDENT AND HEALTH INSURANCE POLICIES

SECTION 2   Purpose

   A.   Establish a uniform order of benefit determination under which plans pay claims.

   B.   Reduce duplication of benefits by permitting a reduction of the benefits to be paid by plans that, pursuant to rules established by this regulation, do not have to pay their benefits first;

SECTION 3   Definitions

   F.   "Coordination of Benefits" or "COB" means a provision establishing an order in which plans pay their claims, and permitting secondary plans to reduce their benefits so that the combined benefits of all plans do not exceed total allowable expenses.

   K.   (1)   "Plan" means a form of coverage with which coordination is allowed...

   (2)   If a plan coordinates benefits, its contract shall state the types of coverage that will be considered in applying the COB provision of that contract. Whether the contract uses the term "plan" or some other term such as "program," the contractual definition may be no broader than the definition of "plan" in this subsection. The definition of "plan" in the model COB provision in Appendix A is an example.

   (3) Plan includes:

   **(f)   The medical benefits coverage in automobile "no fault" and traditional automobile "fault" type contracts;**   (emphasis added)

   M.   "Primary Plan" means a plan whose benefits for a person's health care coverage must be determined without taking the existence of any other plan into consideration. A plan is a primary plan if:

   (1) The plan has no order of benefit determination rules, or its rules differ from those permitted by this regulation; or

SECTION 6   Rules for Coordination of Benefits

When a person is covered by two (2) or more plans, the rules for determining the order of benefit payments are as follows:

A. (1) The primary plan shall pay or provide its benefits as if the secondary plan or plans did not exist.

B. (1) Except as provided in Paragraph (2), a plan that does not contain order of benefit determination provisions that are consistent with this regulation is always the primary plan unless the provision of both plans, regardless of the provisions of this paragraph, state that the complying plan is primary.

*AIC Rule 21* specifically applies to "medical benefits coverage in automobile "no fault" and traditional automobile "fault" type contracts" *(AIC Rule 21 §3.K.(3)(f))* It also applies to group and non-group insurance contracts." *(AIC Rule 21 §3.K.(3)(a))*, which would include health insurance plans. This Rule was enacted "to establish a uniform order for benefit determinations under which plans pay claims." *AIC Rule 21 2.A*.

19. In order to comply with Arkansas law, Defendant was required by law to issue full payment of the medical bills to the insured for medical benefits as if all other insurance benefits from other parties did not exist.

20. Complying with Arkansas law does not prevent Defendant (or any Arkansas automobile insurer) from asserting a lien for recoupment of these monies as prescribed by existing subrogation laws.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on his own behalf and on behalf of a class of all other persons similarly situated (the "Class"), pursuant to Rule 23 of the Arkansas Rules of Civil Procedure.

22. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Arkansas Rules of Civil Procedure 23(a) and (b).

23. Plaintiff seeks certification of the following class:

> Residents of the State of Arkansas who, from January 15, 2011 through the date of resolution of this action, (a) purchased a policy of insurance from the Defendant; (b) made a claim for automobile medical payment or PIP benefits; (c) had their benefits reduced by the defendant's discounting scheme and (d) failed to exhaust the limits of their med pay or PIP benefits.

24. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper.

25. Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants, or employees of Defendant and the immediate family members of any such person. Also excluded are any judges who may preside over this cause of action and any attorneys representing the Plaintiff or the Class.

26. The exact number of the Class, as herein identified and described, is not known but is estimated to number in the thousands. The Class is so numerous that joinder of individual members herein is impracticable. The identity of Class members is ascertainable through Defendant's records kept in the ordinary course of business.

27. There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class. In particular, the common questions of fact and law include:

(A) Whether, throughout the Class Period, as a common policy and general business practice, Defendant was in violation of Ark. Code Ann. 23-89-202 *et seq.* and *AIC Rule 21* by discounting the automobile medical payment/PIP benefits paid to its insured's by alleging

they were only required to pay the remaining balances on medical bills after discounts were taken and payments received by the medical provider, as if it was the secondary carrier and not the primary carrier for coordination of benefit rules.

28. Plaintiff's claims are representative of the Class and his claims are typical of the claims of the proposed Class, in that the claims of all members of the proposed Class, including Plaintiff's, depend on showing that Defendant's acts gave rise to the right to relief sought herein. There is no conflict between the individually named Plaintiff and other member of the proposed Class with respect to this action or with respect to the claims for relief set forth herein.

29. As the representative party for the Class, Plaintiff is able to and will fairly and adequately protect the interests of the Class. The attorneys for Plaintiff's and the Class are experienced and capable in complex civil litigation, insurance litigation, and class actions.

30. The class-action procedure is superior to all other available methods for the fair and efficient adjudication of this controversy. This action would permit a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort. Class treatment also would permit the adjudication of claims by Class members whose claims are too small and complex to individually litigate against a large corporate defendant.

31. As relief for these violations of Arkansas law, Plaintiff's seek, on behalf of himself and all class members: 1) a declaratory judgment determining that Defendant has violated Arkansas law by discounting the automobile medical payment/PIP benefits paid to or on behalf its insured's in violation of *AIC Rule 21*; and, 2) an order requiring Defendant to pay monetary restitution in the amount of the discounted benefits taken by the defendant up to the limits of the automobile medical payment/ PIP policy benefit; and 3) a permanent injunction

preventing Defendant from further violating Arkansas law by discounting the med pay/PIP benefits in violation of AIC Rule 21.

## CAUSE OF ACTION
### Declaratory Judgment

32. Plaintiff hereby repeats and re-alleges all preceding paragraphs contained herein.

33. An actual case and controversy exists within the meaning of the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101, *et seq.*

34. Plaintiff was covered under an insurance Contract with Defendant. Arkansas law controls how Defendant's Arkansas customers must be treated.

35. Well-settled Arkansas law states that automobile medical payment coverage is the primary medical payment source under *AIC Rule 21*.

36. Defendant has no legal basis to discount an insured's automobile medical payment or PIP benefits under Arkansas law.

37. Defendant, throughout the Class Period, as a common policy and general business practice, was in violation of Ark. Code Ann. 23-89-202 *et seq.* and *AIC Rule 21* by discounting the automobile medical payment/PIP benefits paid to its insured's by alleging they were not the primary insurance carrier.

38. As a result of these violations of Arkansas law, Plaintiff and Class members have been injured. Their damages include the amount of illegally withheld automobile medical payment/PIP benefits. Through its illegal actions, Defendant has deprived and continues to deprive their insureds of the applicable automobile medical payment/PIP benefits owed under Arkansas law, which belong to Plaintiff and Class members. Therefore, restitution, including pre- and post-judgment interest and attorney's fees, is appropriate, as well as other legal and equitable relief.

39. If not permanently enjoined by this Court, Defendant will continue to discount the med pay/PIP benefits that belong to Plaintiff and Class members. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff and Class members, including but not limited to monetary damage. Therefore, injunctive relief is appropriate, as well as other legal and equitable relief.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment as follows:

a) declaring that Defendant's failure to issue full medical bill payment under the med pay/PIP benefits of the Plaintiff's and Class members insurance policies violates Arkansas law;

b) an order permanently enjoining Defendant from discounting the med pay/PIP benefits owed to Plaintiff and Class members;

c) monetary restitution to Plaintiff and all Class members of 100% of the med pay/PIP benefits the defendant has illegally refused to pay;

d) pre and post-judgment interest;

e) attorney's fees and costs; and

f) such other legal and equitable relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiffs and the Class members hereby request a trial by jury.

Respectfully submitted,

_____
Bill Horton (AR Bar #02200)

CADDELL & REYNOLDS, P.A.
211 N 2nd Street
Rogers, AR 72756
Tel: (479) 464-8269
Fax: (479) 464-8287

*Counsel for Proposed Plaintiff Class*

## CERTIFICATE OF SERVICE

I, BILL G. HORTON, hereby certify that the Amended Class Action Complaint was served upon the following parties or counsel therefore on this __7th__ day of May, 2018, by placing a copy of the same in the United States Mails with sufficient postage affixed thereto:

Hon. Mel Sayes
825 West Third Street
Little Rock, AR 72201

_____
Bill G. Horton